**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-1035-WJM-BNB

LANX, INC.,

    Plaintiff,

  v.

PIONEER SURGICAL TECHNOLOGY, INC., et al.

    Defendant.

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of Plaintiff Lanx, Inc. and Defendant Pioneer Surgical Technology, Inc., and for good cause shown, IT IS HEREBY ORDERED THAT:

1.    This order shall govern all documents, materials, testimony, transcripts, responses to requests for admissions, interrogatory responses, items, and other information obtained through discovery in this action (collectively "Information") that are designated as "Confidential" or "Attorneys' Eyes Only" under the terms of this order. As used herein, the terms "Party" and "Parties" refer, individually and collectively, to all parties to this action.

2.    Any person (including Parties and third parties) that produces Information in this action and has a good-faith basis for claiming that such Information constitutes confidential or proprietary information may designate such Information as "Confidential" or "Attorneys' Eyes Only" as set forth below, provided that counsel for the producing party (including qualified designees) has reviewed the Information and believes, in good faith, that such designation is warranted:

(a) For documents, materials, or other written Information, whether in hard or electronic copy, the person shall designate such Information as "Confidential" or "Attorneys' Eyes Only" by marking each page or item containing confidential information as "Confidential" or "Attorneys' Eyes Only";

(b) For testimony, the person shall designate such Information as "Confidential" or "Attorneys' Eyes Only" by notifying the Parties of the designation within 21 days of receiving the transcript of such testimony. Such person may require the court reporter to label the portion of the transcript containing the information as "Confidential" or "Attorneys' Eyes Only" and to bind such portion separately; and

(c) For Information maintained in computer readable format or other electronic media such as CDs, the person shall designate such Information by marking the media as "Confidential" or "Attorneys' Eyes Only";

3. Any person may designate Information as "Confidential" if the designating party has a reasonable, good-faith belief that the Information is nonpublic, proprietary, or commercially or otherwise sensitive.

4. Information designated "Confidential" pursuant to this order shall not be disclosed or provided (other than by the producing person) to anyone except (a) the officers, directors, employees, and agents of the Parties, only for purposes of assisting in this action; (b) attorneys for a Party, and employees of such attorneys and third-party vendors hired by such attorneys to assist them with e-discovery and/or document preparation, copying, and processing in this action ("Vendors"), only for purposes of assisting in this action; (c) deposition reporters engaged in connection with this litigation, only for purposes of assisting in this action; (d) experts and consultants, only for purposes of assisting in this action; and (e) the Court, as

provided in paragraph 9.

4. Any person may designate Information as "Attorneys' Eyes Only" if the Information satisfies the criteria for designation as "Confidential" and further: (a) identifies non-public business or financial information, including but not limited to suppliers, distributors, customers, sales information, costs of acquiring products, profit or profit margin from the sale of products, and/or sales projections; (b) contains non-public technical information; (c) contains information that could place the person at a competitive disadvantage if learned by any Party or person; or (d) contains information, including but not limited to personal or private information relating to an individual, as to which the disclosing person has a reasonable basis for claiming heightened protection; provided that counsel for the producing party (including qualified designee) has reviewed the Information and believes, in good faith, that it is entitled to heightened protection as provided herein.

5. Information designated as "Attorneys' Eyes Only" shall not be disclosed or provided (other than by the producing person) to anyone except: (a) outside attorneys of record for a Party, and employees and Vendors of such attorneys of record, only for purposes of assisting in this action; (b) deposition reporters and videographers engaged in connection with this litigation, only for purposes of assisting in this action; (c) experts and consultants who are not competitors, officers, directors, or regular employees of a Party, and who are retained solely for purposes of assisting in this action; and (d) the Court in this action, as provided in paragraph 9.

6. A person's inadvertent or unintentional failure to designate Information as "Confidential" or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of that person's claim of confidentiality, if the disclosing person takes prompt action after

discovering such omission to notify all Parties in writing that such Information is "Confidential" or "Attorneys' Eyes Only." In such instance, any disclosures made of such Information prior to the receipt of such notice shall not constitute a violation of this order.

7. Unless otherwise provided by Court order, any non-Party that provides Information to any of the Parties or to the Court in this case may designate such Information as "Confidential" or "Attorneys' Eyes Only" in accordance with this order, and such Information shall be under the same restrictions as if produced by any of the Parties herein, and the Parties and other persons receiving such Information shall have the same obligations with respect thereto as they have with respect to any Information that is designated "Confidential" or "Attorneys' Eyes Only" by a Party.

8. The Parties and any other person receiving Information that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this order shall only use such Information for the legitimate purposes of this litigation and shall ensure that any copies that are made of such Information bear the same designation as the original copies received.

9. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Any Party that wishes to file with the Court any Information designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order shall take reasonable steps to restrict access to the designated Information, including filing a motion to restrict access under D.C.COLO.LCivR. 7.2.B that does not contain the Information designated as "Confidential" or "Attorneys' Eyes Only". The Parties recognize and acknowledge that the Court will only restrict access to designated Information if the requirements of D.C.COLO.LCivR. 7.2.B are satisfied.~~

10. No person who reviews or otherwise learns, in whole or in part, any technical

information or document designated as "Attorneys' Eyes Only" by an opposing Party shall be involved directly or indirectly in the prosecution of patent applications (including original, continuation, continuation-in-part, divisional, interference, reissue, or other proceedings, but expressly excluding, reexamination, post-grant review, and *inter partes* review proceedings involving the patents-in-suit) in support of any claims from any patent in the patent families of the patents-in-suit or in support of any patent claim covering any product that incorporates, in whole or in part, restricted information produced in this matter.  Direct or indirect involvement in the prosecution of such patent applications includes preparing, drafting, editing, or amending any documents related to prosecution of such patent applications, or advising regarding such documents, and discussing any claims with any persons involved in the prosecution of such patent applications.  The parties expressly agree and acknowledge that review of the limited information provided before the date of this order does not trigger the patent prosecution bar of this paragraph 10.

        11.      Prior to a receiving Party's disclosure of any Information designated as "Confidential" or "Attorneys' Eyes Only" to any person other than an attorney of record (and their staff and outside vendors) and Court personnel, the receiving Party shall provide a copy of this order to such person and shall obtain such person's written agreement, in the form attached hereto as Exhibit A, to comply with the terms of this order, and shall retain all such agreements for the duration of this litigation and until all Information designated as "Confidential" or "Attorneys' Eyes Only" is destroyed or returned to the producing person or until all such Information becomes unprotected under paragraph 12.  In addition, prior to any disclosure of Information designated "Attorneys' Eyes Only," the receiving Party wishing to make a disclosure shall provide a copy of Exhibit A executed by the intended recipient(s) along with a

current resume/CV of the intended recipient(s) to the producing Party and a list of all entities for whom the intended recipient(s) has consulted in the past four years, if any, and a list of all matters in which the intended recipient has provided testimony (whether by deposition, at a hearing, or otherwise). The producing Party shall thereafter have five (5) business days to object, in writing, to the disclosure to the intended recipient(s). In the event that the producing party timely objects in writing, the Parties must meet and confer within five (5) business days of receiving the written objection in an attempt to resolve the matter. If no agreement is reached, any Party may file an appropriate motion with the Court.

12. A Party may object to the designation of particular "Confidential" or "Attorneys' Eyes Only" Information by giving written notice to the Party designating the disputed Information. The written notice shall identify the Information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the Information as "Confidential" or "Attorneys' Eyes Only" Information to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Stipulated Protective Order within fifteen (15) business days after the time the notice is received. If such a motion is timely filed, the disputed Information shall be treated as "Confidential" or "Attorneys' Eyes Only" Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as "Confidential" or "Attorneys' Eyes Only" Information and shall not thereafter be treated as "Confidential" or "Attorneys' Eyes Only" Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the Party designating the Information as "Confidential" or "Attorneys'

Eyes Only" Information shall bear the burden of establishing that good cause exists for the disputed Information to be treated as "Confidential" or "Attorneys' Eyes Only" Information.

13. Notwithstanding any other provision of this order, this order shall not apply to any Information, whether "Confidential" or "Attorneys' Eyes Only," that (a) is or becomes available to the public from a source other than unauthorized disclosure; (b) becomes available to the Parties or their counsel on a non-confidential basis from a source other than the Parties or their counsel, provided that it did not become available through unauthorized disclosure; or (c) was available or known to the Parties or their counsel on a non-confidential basis before this action, as demonstrated by the contemporaneous, written records of such Parties or their counsel.

14. If any Party that has received "Confidential" or "Attorneys' Eyes Only" Information subject to this Protective Order receives a subpoena or other form of legal process or request in another proceeding seeking the production of any such Information, the receiving Party shall give notice to the producing Party or person of the subpoena or other form of legal process or request within five (5) days after receiving it ~~and shall not produce any of the "Confidential" or "Attorneys' Eyes Only" Information unless (a) the producing Party or person fails to file a motion to quash or a motion for a protective order in the other proceeding by the earlier of (i) ten (10) days after receiving notice from the receiving Party, or (ii) the time within which the receiving party is directed to respond to the legal process; or (b) after any such motion to quash or motion for protective order is filed in the other proceeding, this Court or the court for the other proceeding enters an order requiring the receiving Party to produce the Information. In the event that such an order is entered, the receiving Party shall only produce the "Confidential" or "Attorneys' Eyes Only" Information that is specified in the order and only under the conditions and in the form specified in the order.~~

15. Notwithstanding any other provision of this order, this order shall not prevent a Party from disclosing Information designated as "Confidential" or "Attorneys' Eyes Only" to any person that the Party reasonably believes already has, or had, such Information in his, her, or its possession. For example, an invoice or purchase order produced by a Party may be disclosed to the Party's customer or supplier identified in such invoice or purchase order. As another example, documents may be shown to persons identified on a document as the addressee or other recipient of the document, such as a "cc" or "bcc" recipient.

16. Nothing in this order shall be deemed to preclude any person from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Information produced in discovery in this action, or other modification of this order. Except as set forth explicitly herein, this order shall neither constitute, nor be used as a basis for, a finding that any person has waived any objections that it may have to the use, authenticity, relevance, or admissibility of any Information.

17. At the conclusion of this litigation, whether by trial, settlement, or otherwise, including but not limited to any appeals or other requests for judicial review, all "Confidential" or "Attorneys' Eyes Only" Information, and all copies thereof, shall either be returned to the producing person or destroyed, at the request, election, and expense of the producing person, except that the attorneys of record for a Party may keep one archive copy. The conclusion of this litigation shall not relieve any person to whom Information designated as "Confidential" or "Attorneys' Eyes Only" has been disclosed from the requirements of this order.

18. This order shall remain in effect until modified, superseded, or terminated by (a) written consent of all Parties and all persons who have produced "Confidential" or "Attorneys' Eyes Only" Information that has not been destroyed or returned or (b) further order of this Court.

Dated October 7, 2013.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

SO STIPULATED, THROUGH COUNSEL OF RECORD:

| By: s/John Posthumus | By: s/Mark Borsos |
|---|---|
| John R. Posthumus | Christine A. Pompa |
| David B. Kellis | Timothy P. Maloney |
| Sheridan Ross PC | Mark W. Hetzler |
| 1560 Broadway, Suite 1200 | Mark Borsos |
| Denver, CO 80202-5141 | Fitch, Even, Tabin & Flannery LLP |
| Phone: 303.863.9700 | 120 South LaSalle Street, Suite 1600 |
| Facsimile: 303.863.0223 | Chicago, Illinois 60603 |
| E-mail: litigation@sheridanross.com; | cpompa@fitcheven.com; tpmalo@fitcheven.com; |
| jposthumus@sheridanross.com; | mwhetz@fitcheven.com; mborsos@fitcheven.com |
| dkellis@sheridanross.com | |
| Leigh C. Taggart | Steven C. Schroer |
| Kristin L. Murphy | Fitch Even Tabin & Flannery LLP |
| Rader, Fishman & Grauer PLLC | 1942 Broadway, Suite 213 |
| 39533 Woodward Ave., Suite 140 | Boulder, CO 80302 |
| Bloomfield Hills, MI 48304 | scschr@fitcheven.com |
| Telephone: 248.594.0600 | |
| Facsimile: 248.594.0610 | *Counsel for Defendants* |
| lct@raderfishman.com; | |
| klm@raderfishman.com | |
| *Counsel for Plaintiff* | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-1035-WJM-BNB

LANX, INC.,

    Plaintiff,

  v.

PIONEER SURGICAL TECHNOLOGY, INC., et al.

    Defendant.

---

**Exhibit A -- Undertaking**

---

I, _____, declare that:

    1.    My address is _____.
My current employer is _____. My current occupation is _____.

    2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

    3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is disclosed to me.

    4.    Promptly upon termination of this actions, I will return all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

    5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____